UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIMMIE LEE NELSON,

        Petitioner,

v.                     Case No. 3:04-cv-1175-J-32TEM

JAMES R. MCDONOUGH,[1]
et al.,

        Respondents.
_____

**ORDER**[2]

**I. Status**

Petitioner Jimmie Lee Nelson, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on October 28, 2004. Petitioner challenges a 1999 state court (Orange County, Florida) conviction for aggravated battery on a law enforcement officer with a deadly

---

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

weapon or causing great bodily harm (count one); possession of cocaine (count two); resisting an officer with violence (count three); and, fleeing or attempting to elude a law enforcement officer with siren and lights activated (count five).  Petitioner claims that he was denied due process of law and a fair trial because the verdict form was defective and highly prejudicial to him in that it did not give the jury the option to specify the basis on which Petitioner was found guilty of aggravated battery upon a law enforcement officer.

Respondents filed a Response to Petition (Doc. #9) (hereinafter Response).  In support of their Response, they submitted exhibits.[3]  Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment.  See Court's Order to Show Cause and Notice to Petitioner (Doc. #8). Petitioner has responded.  See Petitioner's Reply to Respondents' Response (Doc. #12).  This case is now ripe for review.

## II. Procedural History

Petitioner was charged, by Information, with aggravated battery on a law enforcement officer with a deadly weapon or causing great bodily harm (count one); possession of cocaine (count two); resisting an officer with violence (count three); resisting an officer without violence (count four); and, fleeing or

---

[3] Respondents' exhibits will be hereinafter referred to as "Ex."

attempting to elude a law enforcement officer with siren and lights activated (count five). Ex. A at 67-71. Petitioner was tried by a jury and convicted as charged. Id. at 107-11. Petitioner was sentenced to a ten-year habitual felony offender sentence on counts two, three and five, to run concurrently with each other, but consecutive to count one; a thirty-year sentence on count one, to run consecutively to count two; and, a one-year sentence on count four, to run concurrently to count two. Id. at 59-60, 132-40.

Petitioner appealed to the Fifth District Court of Appeal. However, before the first brief was filed, appellate counsel filed a Motion to Correct Sentence, which was granted by the trial court. Ex. B, Ex. C, Ex. D; Ex. E. The trial court, on August 9, 2000, in granting the Motion to Correct Sentence, corrected the sentence to delete habitual offender designation on count two and imposed a sentence of five years, rather than ten years. Ex. E.

On direct appeal, appellate counsel raised two issues: (1) it was a violation of double jeopardy to sentence Petitioner on both the aggravated battery on a law enforcement officer and resisting an officer with violence, and (2) the trial court erred in sentencing Petitioner both as a habitual felony offender and to consecutive sentences, where all offenses were part of the same criminal episode. Ex. F. The State filed an Answer Brief. Ex. G. On August 31, 2001, the appellate court affirmed the judgments and sentences in a written opinion. Ex. H; Nelson v. State, 820 So.2d

309 (Fla. 5th DCA 2001). The mandate was issued on October 22, 2001. Ex. M.

Petitioner filed a *pro se* Petition to Invoke All Writs Jurisdiction, which was denied by the Supreme Court of Florida on April 1, 2002. Ex. N; Ex. O; Nelson v. State, 817 So.2d 848 (Fla. 2002).

On April 22, 2003, Petitioner filed a *pro se* motion for post conviction relief. Ex. P. Thereafter, he filed an amended *pro se* motion for post conviction relief on August 10, 2003. Ex. Q. The State filed a Response. Ex. R. The trial court granted in part and denied in part the motion for post conviction relief. Ex. S. The State conceded, and the trial court agreed, that double jeopardy was violated for the offenses of resisting with and resisting without violence. Ex. R at 5; Ex. S at 2, 4. Therefore, Petitioner's conviction and sentence for count four (resisting an officer without violence) were vacated. Ex. S at 4. All other claims were rejected. Id.

On appeal, without requiring a response from the State, the appellate court per curiam affirmed on July 20, 2004. Ex. U; Nelson v. State, 882 So.2d 396 (Fla. 5th DCA 2004). The mandate was issued on September 13, 2004.

The Petition for Writ of Habeas Corpus, filed in this Court on October 28, 2004, is timely filed within the one-year period of limitation.  See Response at 5-7; 28 U.S.C. § 2244(d).

### III. Evidentiary Hearing

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  Smith, 170 F.3d at 1054.  No evidentiary proceedings are required in this Court.  High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

**IV. Standard of Review**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA:

> Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners.  Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which was effective as of April 24, 1996.  AEDPA applies to all petitions filed after its effective date. . . .
>
> AEPDA "places a new constraint on a federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by establishing a deferential standard for reviewing state court judgments in these cases. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  Subsection (d) of § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d)(1)-(2).
>
> AEDPA also makes clear that substantial deference is to be accorded a state court's findings of fact. Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Henderson v. Campbell, 353 F.3d 880, 889-891 (11th Cir. 2003) (footnote omitted), cert. denied, 543 U.S. 811 (2004).

Clearly, the new 28 U.S.C. § 2254(d) creates a more deferential standard for federal court review of state court adjudications: "[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness." Van Poyck v.

Florida Dep't of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003); Mitchell v. Esparza, 540 U.S. 978 (2003) (per curiam) (holding that the Ohio Court of Appeals' decision was not "contrary to" or an "unreasonable application" of clearly established federal law and stressing "the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)").

Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

**V. Findings of Fact and Conclusions of Law**

Petitioner claims that he was denied due process of law and a fair trial because the verdict form was defective and highly prejudicial to him in that it did not give the jury the option to specify the basis on which Petitioner was found guilty of aggravated battery upon a law enforcement officer (count one). Specifically, he alleges in pertinent part:

> In this case, the jury's verdict provided that Petitioner was "guilty of aggravated battery of a law enforcement officer with a deadly weapon or causing great bodily harm."
>
> [T]he jury verdict form was not designed to allow for a separate finding of aggravated battery of a law enforcement officer causing great bodily harm absent the use of a deadly weapon, and thus, it did not allow the jury the option to specify on what basis they found Petitioner guilty of aggravated battery on a law enforcement officer as to whether it [was] to be with a deadly weapon or as great bodily harm.
>
> It is plain law that the verdict form must be clear as to whether a defendant was found guilty of aggravated battery causing great bodily harm or aggravated battery with a weapon. See Scaife v. State, 767 So.2d 492 (Fla. 1st DCA 2000); Dozier v. State, 677 So.2d 1352 (Fla. 2nd DCA 1996); and Hayward v. State, 590 So.2d 976, 978 (Fla. 5th DCA 1991). As can clearly be seen from Exhibit (A) attached hereto this Petition, this is not how the verdict form was designed in the present case.[4]

---

[4] In support of his argument, Petitioner submitted the Verdict form (as to count one). Petition, Exhibit A; Ex. A at 107, Verdict, dated October 26, 1999.

> Because it is impossible to determine which basis the jury used to convict Petitioner, Petitioner was highly prejudiced and denied due process and his constitutional right to a fair jury trial, because if the jury based its verdict on aggravated battery of a law enforcement officer causing great bodily harm to find Petitioner guilty, it cannot stand, because the trial court determined at sentencing that the victim's injury to be slight in assessing victim's injury points on Petitioner's sentencing guidelines scoresheet. . . .

Petition at 5-5a.

Respondents contend, and this Court agrees, that Petitioner has sufficiently exhausted this claim since it was raised in his motion for post conviction relief. Response at 5; Ex. Q. The trial court denied the claim, and the appellate court per curiam affirmed. Ex. S; Ex. U.

The trial court adjudicated the claim on the merits, stating in pertinent part:

> Ground 3: Defendant claims that he was found guilty of an uncharged crime because the general verdict for aggravated battery on a law enforcement officer did not specify whether the jury found him guilty of "with a deadly weapon" or "causing great bodily harm." Defendant cites *Dixon v. State*, 823 So.2d 792 (Fla. 2nd DCA 2001), in support of his argument.
>
> However, the instant case is distinguishable from *Dixon*. In *Dixon*, the information charged battery on a law enforcement officer only by intentionally touching or striking the officer. Yet, the jury was instructed that it could find defendant guilty if he intentionally touched or struck the officer *or* caused bodily harm to

10

> the officer. In the instant case, the information charged Defendant with aggravated battery on a law enforcement officer by use of a deadly weapon or causing great bodily harm. (See attached Information). Thus, the trial court correctly charged the jury, and Defendant was not found guilty of an uncharged crime. (See attached Jury Instructions).

Ex. S at 2-3.

Thus, this ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Response at 7-10. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this ground because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>Id</u>. at 10-14.

Petitioner claims that he was denied due process of law and a fair trial because the verdict form did not specify whether aggravated battery (count one) was because it was with a deadly weapon or because it caused great bodily harm. The Information charged count one as follows:

> LAWSON LAMAR, State Attorney of the Ninth Judicial Circuit prosecuting for the State of Florida in Orange County, OR LAWSON LAMAR, State Attorney of the Ninth Judicial Circuit prosecuting for the State of Florida in Orange County, by and through the undersigned Designated Assistant State Attorney, under

11

> oath, CHARGES that JIMMIE LEE NELSON, on the 6th day of June, 1999, in said County and State, did, in violation of Florida Statutes 784.045(1)(a), 784.07(2)(d) and 775.0823(9), knowingly commit a battery upon TIMOTHY STANLEY, a law enforcement officer for the City of Orlando, while TIMOTHY STANLEY was engaged in the lawful performance of a duty, and in furtherance thereof, did actually and intentionally touch or strike TIMOTHY STANLEY against the will of TIMOTHY STANLEY and in the commission of said battery, JIMMIE LEE NELSON did use a blunt instrument, a deadly weapon, or intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement to TIMOTHY STANLEY.

Ex. A at 67, Information, Case No. CR99-7846, filed June 21, 1999.

Further, the verdict form (as to count one) stated:

> WE, THE JURY, find the Defendant guilty of Aggravated Battery on a Law Enforcement Officer With a Deadly Weapon **or** Causing Great Bodily Harm, as charged in the Information.

Id. at 107 (emphasis added); Tr. at 360[5]. Clearly, the verdict form conformed to the Information.

The crime of aggravated battery, which is classified as a second degree felony, is committed in one of two ways: (1) by intentionally or knowingly causing great bodily harm, permanent disability or permanent disfigurement, *or* (2) using a deadly weapon. Fla. Stat. § 784.045(1)(a) and (2) (1999); Tr. at 343 (jury instructions). The second degree felony of aggravated battery can be enhanced from a second degree felony to a first

---

[5] In reviewing the verdict forms with counsel, the trial judge recognized that an "or" should be inserted, and defense counsel agreed. Tr. at 360.

degree felony if the victim of the aggravated battery is a law enforcement officer. Fla. Stat. § 784.07(2)(d) (1999). Petitioner, here, was charged with committing aggravated battery upon a law enforcement officer and was found guilty, as charged. In the Information, the offense of aggravated battery upon a law enforcement officer with a deadly weapon or causing great bodily harm was listed as a first degree felony. Ex. A at 67. Respondents contend, and this Court agrees, that "[i]t made no difference whether the aggravated battery was committed by inflicting great bodily harm or using a deadly weapon because the second degree felony was already enhanced due to the victim['s] being a law enforcement officer." Response at 11.

As noted by Respondents, the cases cited by Petitioner (Scaife v. State, 767 So.2d 492 (Fla. 1st DCA 2000); Dozier v. State, 677 So.2d 1352 (Fla. 2nd DCA 1996); Hayward v. State, 590 So.2d 976 (Fla. 5th DCA 1991)) are easily distinguishable from the instant case. Response at 11-12. In those cases, the issues were whether the defendants' convictions for aggravated battery could be enhanced from a second degree felony to a first degree felony for sentencing purposes. Reclassification was available if the battery was aggravated due to causing great bodily harm, but reclassification was not available if the battery was aggravated because of the use of a weapon or firearm. See Scaife, 767 So.2d at 493; Fla. Stat. § 775.087. The reclassification is precluded

under the statute if the crime charged requires the use of a weapon as one of its essential elements.

Thus, the difference in the cases cited by Petitioner and the instant case is that Petitioner Nelson's aggravated battery (count one) was already enhanced from a second degree felony to a first degree felony due to the victim's status as a law enforcement officer, not whether the battery caused great bodily harm upon Officer Stanley or whether Petitioner used a deadly weapon against Officer Stanley.  See Fla. Stat. § 784.07(2)(d) (1999).  As previously noted, the Information charged Petitioner with a first degree felony and properly cited Fla. Stat. § 784.07(2)(d). Petitioner's claim is without merit.

## VI. Conclusion

Any other claims not specifically addressed are found to be without merit.  Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

sc 9/12
c:
Jimmie Lee Nelson
Ass't Attorney General (Compton)